UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CHRONAKIS SIACHOS, LLC
50 Harrison Street, Suite 315
Hoboken, NJ 07030
(201) 792-7777
e-mail: Phil@CSLawLLC.com

HAROLD M. HOFFMAN, ESQ.
240 Grand Avenue
Englewood NJ 07631
(201) 569-0086
e-mail: Hoffman.Esq@Verizon.Net

*Attorneys for Plaintiff individually and on behalf of the class of persons similarly situated*

_____
**HAROLD M. HOFFMAN**, individually and  :
on behalf of those similarly situated,                :
                                                                             :
                                  Plaintiff,           :      Civil Action No.  12-cv-978(ES)(CLW)
                                                                             :
vs.                                                                      :
                                                                             :
**TIME WARNER CABLE INC.,**                  :      **AMENDED COMPLAINT**
                                                                             :
                                  Defendant.       :      **JURY TRIAL DEMANDED**
_____:

## OVERVIEW

By this civil action, Plaintiff brings claims on his own behalf and on behalf of those similarly situated (the "Class"), to redress a breach of contract, an unjust enrichment, and a consumer fraud perpetrated by Defendant on the approximately 14 million subscribers to Defendant's entertainment and sports-based cable television programming, which includes the immensely popular sports programming broadcast on the MSG and MSG+ networks.

As detailed below, Defendant, despite its express promises and representations, and despite its equitable obligations, failed to provide its subscribers, including the named Plaintiff herein, with the promised MSG and MSG+ network programming, while nonetheless continuing to collect from subscribers, and retain, the full monthly service fees and charges allocable to such withheld programming.  By this action, Plaintiff and the putative class of subscribers to Defendant's services, seek to recover reimbursement of sums paid to Defendant, allocable to withheld programming, for the approximate 49-day period during which Defendant unjustly enriched itself.

The putative class comprises all nationwide subscribers to Defendant's cable television services during the period January 1, 2012 to February 17, 2012.

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(2) which provides for the original jurisdiction of the federal court in any class action in which any member of the Class is a citizen of a state different from any defendant, and in which the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000.

2.      Plaintiff alleges that the claims of individual Class members in this action are in excess of $5,000,000 in the aggregate, exclusive of interest and costs, and that the total number of members of the proposed Class is greater than 100, as required by 28

U.S.C. § 1332(d)(2), (5). Further, as set forth below, Plaintiff is a citizen of a state different from Defendant.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 in that a substantial part of the events, acts, transactions and omissions giving rise to the claims asserted herein occurred in this District.

## THE PARTIES

4.     At all relevant times, Plaintiff was and is a citizen and resident of the State of New Jersey, County of Bergen. At all relevant times, Plaintiff was a subscriber to Defendant's cable television services.

5.     Upon information and belief, at all relevant times, Defendant was a corporation organized and existing under the laws of the State of Delaware with a place of business in the State of New York, County of New York. Upon information and belief, Defendant is among the largest providers of video, high-speed data and phone services in the United States, connecting more than 14 million customers to, among other things, televised entertainment and sports-based programming.

## SUBSTANTIVE ALLEGATIONS

6.     At all relevant times, Defendant constituted a "person" as defined in the Consumer Fraud Act, *N.J.S.A.* 56:8-1(d).

7. Prior to the filing of the instant suit, Defendant provided Plaintiff and members of the putative class, at a monthly charge fixed by Defendant, with cable television services that promised to deliver, in superior broadcast video quality, a variety of programming, including sports programming broadcast on the MSG and MSG+ networks.

8. Defendant had affirmatively induced Plaintiff and members of the putative class to subscribe to its cable television services and to pay the monthly charges established by defendant, through affirmative promises and representations by defendant that subscribers, including the named Plaintiff herein, would receive sports programming broadcast on the MSG and MSG+ networks.

9. Defendant made these affirmative promises and representations to the named Plaintiff in or about November of 2008. Indeed, a representative of Defendant contacted the named Plaintiff by telephone and actively solicited him to become a subscriber to Defendant's cable television services. A material selling point and a material factor in Plaintiff's decision to subscribe to Defendant's cable television services was Defendant's affirmative promise and representation that Plaintiff, should he pay the monthly fees and charges fixed by Defendant, would receive sports programming broadcast on the MSG and MSG+ networks.

10. Sports programming on the MSG and MSG+ networks included, without limitation, the regular season and post-season playoff games of both the New York Knickerbockers basketball team and the New York Rangers hockey team, two iconic New York sports franchises with a significant following in the State of New Jersey and

throughout the United States, as well as National Hockey League games featuring extremely popular teams such as the New Jersey Devils and the New York Islanders.

11. A highly material selling ingredient of the Defendant's cable television services and a significant component of the monthly charges assessed by Defendant for its services, was the affirmatively promised delivery of the sporting events and games broadcast on the MSG and MSG+ networks.

12. The named Plaintiff, in November of 2008, accepted Defendant's offer to provide cable television services, including Defendant's promise and representation to deliver sports programming broadcast on the MSG and MSG+ networks and began to pay the monthly charges fixed by Defendant, including the component of those charges allocable to Defendant's promised provision of sports programming broadcast on the MSG and MSG+ networks.

13. In or about December 31, 2011, Defendant ceased to deliver to its subscribers, including the Plaintiff, the sporting events and games broadcast on the MSG and MSG+ networks. Nonetheless, Defendant continued to collect, and retains to this day, the component of those monthly charges allocable to Defendant's promised provision of sports programming broadcast on the MSG and MSG+ networks.

14. Notably, by December 31, 2011, the named Plaintiff had no alternative for receipt of <u>any</u> broadcast television, but for the Defendant. Upon information and belief, other than Defendant, no cable television service provider delivers cable television services in Englewood, New Jersey, Plaintiff's place of residence. Moreover, *Direct TV* services, believed to involve placement of an antenna on the subscriber's property for receipt of satellite signals, was not available to Plaintiff as he did not own the property

in which he received Defendant's services and was thus not authorized and/or empowered to consent to placement of a satellite antenna on the relevant property.

15. Thus, the Plaintiff was not in the position to terminate Defendant's services and retain the services of any other broadcast television provider. Nor was Plaintiff in the position -- without fear of termination of all broadcast television services -- unilaterally to deduct from Defendant's monthly billing the component of charges allocable to the no-longer-being-provided programming broadcast on the MSG and MSG+ networks.

16. Despite its cessation of delivery to Defendant's subscribers of valuable and highly coveted sporting events, games and programming broadcast on the MSG and MSG+ networks, Defendant continued to assess and collect the same monthly charge for its services as were in effect prior to cessation of delivery of events and sports programming broadcast on the MSG and MSG+ networks, and Defendant continued to collect the component of those charges allocable to Defendant's promised provision of sports programming broadcast on the MSG and MSG+ networks, despite the fact that it provided no MSG and/or MSG+ broadcasts.

17. Commencing on or about December 31, 2011, Defendant's affirmative promises and representations that subscribers would receive – in exchange for the monthly charges assessed by defendant – sports programming broadcast on the MSG and MSG+ networks, proved to be false.

18. Plaintiff and members of the putative class paid monthly fees to Defendant, and continued to pay such fees and charges even after January 1, 2012,

6

based upon Defendant's affirmative promises and representations that subscribers would receive programming broadcast on the MSG and MSG+ networks.

19. Commencing in or about December 31, 2011, Defendant ceased to pay sums to the owners of the MSG and MSG+ broadcast networks for the right to broadcast and deliver such MSG and MSG+ programming to Defendant's cable television subscribers, resulting in a significant financial windfall for Defendant. This financial gain has been retained, in full, by Defendant, with accrued interest, and has not been rebated and/or reimbursed to Defendant's subscribers who suffered a significant downgrade in the breadth of cable television broadcast services promised and previously provided by Defendant, while still paying the same monthly charge therefor to Defendant.

20. Defendant's promises and representations to Plaintiff and members of the putative class that they would be provided by Defendant with programming broadcast on the MSG and MSG+ networks in exchange for the monthly charge assessed by Defendant, constitute a deception; a misrepresentation; an unconscionable trade practice; a sharp and deceitful marketplace practice, and a false promise.

21. Defendant's false representations to Plaintiff and members of the putative class result in consumers being subjected to misrepresentation, false promise, fraud, deceit, trickery and false and deceptive business practices.

22. Defendant has made affirmative misrepresentations in connection with the marketing and sale of its cable television services.

23. Plaintiff and members of the putative class suffered ascertainable loss in the form of out of pocket loss as a result of Defendant's unlawful conduct as aforesaid. Plaintiff and members of the putative class paid hard earned money for delivery of promised cable television programming, which was not provided by Defendant from January 1, 2012 to February 17, 2012.

24. Here, Plaintiff and members of the class suffered ascertainable loss when they received a product/service less than and different from that promised by Defendant and less than and different from the service previously provided by Defendant consistent with its promise and representation.

25. Additionally, at bar, Plaintiff and members of the putative class suffered a further element of loss. They lost the benefit-of-the-bargain promised by Defendant – the difference between the price paid by the consumer-subscriber for Defendant's actually delivered product/service, and the product/service promised by Defendant.

26. As alleged herein, there is a direct causal relationship between the Defendant's misrepresentations as to the scope of cable television services promised to its subscribers and the loss suffered by Plaintiff and class members.

## CLASS ALLEGATIONS

27. Plaintiff brings this suit as a class action individually and in behalf of others similarly situated pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Subject to additional information obtained through further investigation and/or discovery, the definition of the Class may be expanded or narrowed. The proposed

Class consists of all nationwide subscribers to Defendant's cable television services during the period January 1, 2012 to February 17, 2012.

28.    This action has been brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23.

**Numerosity:** The members of the Class are so numerous that joinder of all members is impracticable. The Class is comprised of thousands of consumers throughout the United States.

**Commonality:** Common questions of law and fact exist as to all members of the Class. These common questions predominate over the questions affecting only individual Class members, and include:

    a. Whether Defendant made affirmative misrepresentations in violation of the New Jersey Consumer Fraud Act;

    b. Whether Defendant unjustly and unfairly enriched itself at the expense of its subscribers; and

    c. The appropriate measure of damages sustained by the Plaintiff and/or other members of the Class.

**Typicality:** Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct. Plaintiff is advancing claims and legal theories typical to the Class.

**Adequacy:** Plaintiff's claims are made in a representative capacity on behalf of all members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses.

29. Plaintiff is similarly situated in interest to all members of the proposed Class and is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions. Accordingly, Plaintiff is an adequate representative of the proposed Class and will fairly and adequately protect the interests of the Class.

30. Plaintiff may identify and propose additional class representatives with the filing of Plaintiff's motion for class certification.

31. This suit may be maintained as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted, and/or have refused to act, on grounds generally applicable to the Class, thereby making appropriate final relief.

32. **Superiority**: In addition, this suit may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The claims asserted herein are applicable to all consumers throughout the United States who subscribed to Defendant's cable television services and were unlawfully deprived of access to the MSG and MSG+ networks, while still

paying for them. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually effectively and cost-efficiently to redress Defendant's wrongful conduct. Individual litigation would enhance delay and expense to all parties. The class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## COUNT I

33. Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

34. Defendant's conduct constitutes an unconscionable commercial practice in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

35. As a proximate result of Defendant's conduct, Plaintiff and members of the class were damaged.

**WHEREFORE**, Plaintiff, individually and on behalf of the class, demands judgment against the Defendant for treble damages together with pre-judgment and

post-judgment interest, fees, costs, attorney's fees, civil penalties mandated by *N.J.S.A.* 56:8-19, and any other and further relief as the Court deems just and proper.

## COUNT II

36. Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

37. Defendant's conduct constitutes deception in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

38. As a proximate result of Defendant's conduct, Plaintiff and members of the class were damaged.

**WHEREFORE**, Plaintiff, individually and on behalf of the class, demands judgment against the Defendant for treble damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, civil penalties mandated by *N.J.S.A.* 56:8-19, and any other and further relief as the Court deems just and proper.

## COUNT III

39. Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

40. Defendant's conduct constitutes fraud in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

41. As a proximate result of Defendant's conduct, Plaintiff and members of the class were damaged.

**WHEREFORE**, Plaintiff, individually and on behalf of the class, demands judgment against the Defendant for treble damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, civil penalties mandated by *N.J.S.A.* 56:8-19, and any other and further relief as the Court deems just and proper.

### COUNT IV

42. Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

43. Defendant's conduct constitutes false pretense, false promise and/or misrepresentation, in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

44. As a proximate result of Defendant's conduct, Plaintiff and members of the class were damaged.

**WHEREFORE**, Plaintiff, individually and on behalf of the class, demands judgment against the Defendant for treble damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, civil penalties mandated by *N.J.S.A.* 56:8-19, and any other and further relief as the Court deems just and proper.

### COUNT V

45. Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

46. Defendant's conduct constitutes knowing concealment, suppression and/or omission of material facts with the intent that others, including members of the plaintiff-class, rely upon such concealment, suppression and/or omission, in connection

with the sale or advertisement of any merchandise in violation of the New Jersey Consumer Fraud Act, *N.J.S.A.* 56:8-2.

47.     As a proximate result of Defendant's conduct, Plaintiff and members of the class were damaged.

**WHEREFORE**, Plaintiff, individually and on behalf of the class, demands judgment against the Defendant for treble damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, civil penalties mandated by *N.J.S.A.* 56:8-19, and any other and further relief as the Court deems just and proper.

## COUNT VI

48.     Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

49.     During the period January 1, 2012 to February 17, 2012, the plaintiff class, as subscribers, paid money to and conferred a benefit upon Defendant in connection with the agreement between the parties for the provision and receipt of cable television services.  Such benefit, in the form of monthly fees and charges, including sums allocable to the <u>un</u>-provided MSG and MSG+ programming, was received and continues to be retained by Defendant.

50.     Retention of that benefit without reimbursement by Defendant to all class members would be unjust and inequitable.

51.     Retention of that benefit by Defendant at the expense of all class members would be unjust and inequitable.

52.     Defendant, by not providing MSG and MSG+ programming during the relevant period, became indebted to class members for the sums paid by class members to Defendant allocable to MSG and MSG+ programming.  Retention of said sums, without reimbursement, would result in the unlawful, unjust and inequitable enrichment of Defendant beyond its lawful rights in connection with the contractual arrangement between the parties.

53.     All monies paid by class members to Defendant allocable to the un-provided MSG and MSG+ programming, including all interest earned by Defendant on such monies while in wrongful possession thereof, should be disgorged by Defendant and reimbursed to class members under principles of unjust enrichment.

54.     As a proximate result of Defendant's conduct, members of the class were damaged.

**WHEREFORE**, plaintiff, in behalf of the class, demands judgment against the Defendant for reimbursement of sums paid by class members to Defendant for un-provided MSG and MSG+ programming, together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, and any other and further relief as the Court deems just and proper.

## COUNT VII

55.     Plaintiff repeats and realleges the prior allegations of this complaint as if fully set forth at length.

56. Defendant and its subscribers, the putative class members at bar, were parties to a contractual arrangement under which Defendant was obliged to provide to its subscribers, for a monthly fee, promised cable television programming, including but not limited to MSG and MSG+ programming.

57. A component of the monthly fees and charges paid by subscribers to Defendant was allocable to the valuable MSG and MSG+ programming provided by Defendant.

58. The subscribers to Defendant's services, the putative class members at bar, performed all obligations on their part to be performed under their contractual arrangement with Defendant.

59. During the period January 1, 2012 to February 17, 2012, Defendant breached its obligations to the class members at bar by failing to provide promised MSG and MSG+ programming.

60. During the period January 1, 2012 to February 17, 2012, Defendant, in breach of its obligations to its subscribers, provided a diminished level and diminished scope of services.

61. Defendant failed and refused to adjust its monthly fees and charges so as to compensate its subscribers for a diminished level and scope of services.

62. As a proximate result of the foregoing, the class members were damaged.

**WHEREFORE**, Plaintiff, individually and on behalf of the class, demands judgment against the Defendant for damages in an amount to be proven at trial,

together with pre-judgment and post-judgment interest, fees, costs, attorney's fees, and any other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues.

*s/ Philip C. Chronakis*
PHILIP C. CHRONAKIS
*Co-Counsel for Plaintiff*

Dated: **March 13, 2012**