UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

HAROLD M. HOFFMAN, individually and on
behalf of those similarly situated,

Plaintiff,

- *against* -

TIME WARNER CABLE INC.,

Defendant.

Civil Action: 2:12-cv-00978-ES-CLW

**ORAL ARGUMENT REQUESTED
MOTION DATE: JUNE 18, 2012**

DOCUMENT ELECTRONICALLY FILED

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT TIME WARNER CABLE INC.'S MOTION TO DISMISS THE AMENDED COMPLAINT

William E. Goydan
Mindy P. Fox
Wolff & Samson PC
One Boland Drive
West Orange, New Jersey 07052
(973) 325-1500

Jonathan D. Thier (*pro hac vice*)
Brian T. Markley (*pro hac vice*)
John A. Eakins (*pro hac vice*)
Cahill Gordon & Reindel LLP
80 Pine Street
New York, New York  10005
(212) 701-3000

*Attorneys for Time Warner Cable Inc.*

June 8, 2012

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ...................................................................................................................... 3

I.      PLAINTIFF FAILS TO PLEAD HIS NJCFA CLAIM WITH
PARTICULARITY (COUNTS I, II, III, IV, V) ..................................................... 3

      A.     NJCFA Claims Must Be Pled with Particularity under
Federal Rule of Civil Procedure 9(b) ...................................................... 3

      B.     Plaintiff Pleads None of the NJCFA Elements with
Particularity ............................................................................................. 4

II.     PLAINTIFF HAS FAILED TO PLEAD A BREACH OF CONTRACT
CLAIM (COUNT VII) ........................................................................................... 7

III.    PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS BARRED BY THE
EXISTENCE OF AN ENFORCEABLE CONTRACT (COUNT VI) .................... 9

IV.    PLAINTIFF EFFECTIVELY CONCEDES THAT THE VOLUNTARY
PAYMENT DOCTRINE BARS HIS UNJUST ENRICHMENT CLAIM
(COUNT VI) AND CONTRACT CLAIM (COUNT VII) .................................... 10

CONCLUSION ................................................................................................................. 11

## TABLE OF AUTHORITIES

**Cases**

*American Rubber & Metal Hose Co.* v. *Strahman Valves, Inc.*, 2011 WL 3022243 (D.N.J. July 22, 2011)......................................................................................................9

*Arcand* v. *Brother International Corp.,* 673 F. Supp. 2d 282 (D.N.J. 2009)................................ 5

*Bayer Chemicals Corp.* v. *Albermarle Corp.*, 171 Fed. Appx. 392 (3d Cir. 2006)........................ 8

*In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410 (3d Cir. 1997)..................... 7

*Buschbaum* v. *Barron*, 61 A.2d 512 (N.J. Super. Ct. App. Div. 1948) ........................................ 10

*Conroy* v. *Leone*, 316 Fed. Appx. 140 (3d Cir. 2009) ................................................................... 3

*Duffy* v. *Charles Schwab & Co.*, 123 F. Supp. 2d 802 (D.N.J. 2000) ..................................... 9, 10

*Flammia* v. *Maller*, 169 A.2d 488 (N.J. Super. Ct. App. Div. 1961) ......................................... 10

*Frederico* v. *Home Depot*, 507 F.3d 188 (3d Cir. 2007) ........................................................... 4, 5

*Glass* v. *BMW of North America, LLC*, 2011 WL 6887721 (D.N.J. Dec. 29, 2011)............ passim

*Green* v. *Green Mountain Coffee Roasters, Inc.*, 2011 WL 6372617 (D.N.J. Dec. 20, 2011) ...............................................................................................................6

*Hart* v. *Electronic Arts, Inc.*, 740 F. Supp. 2d 658 (D.N.J. 2010) .......................................... 6n, 9

*Hughes* v. *Panasonic Consumer Electronics Co.*, 2011 WL 2976839 (D.N.J. July 21, 2011) ...........................................................................................................5, 6

*Love* v. *Johnson*, 2010 WL 2178951 (D.N.J. May 27, 2010)....................................................... 3

*Oswell* v. *Morgan Stanley Dean Witter & Co.*, 2007 WL 1756027 (D.N.J. June 18, 2007).......... 9

*Payan* v. *Greenpoint Mortgage Funding*, 681 F. Supp. 2d 564 (D.N.J. 2010) ............................ 4

*Realty Asset Properties, Ltd.* v. *Township of Millstone*, 2006 WL 3456490 (N.J. Super. Ct. App. Div. Dec. 1, 2006) ........................................................................................10

*Ritti* v. *U-Haul International, Inc.*, 2006 WL 1117878 (E.D. Pa. Apr. 26, 2006)....................... 8n

*Samukai* v. *Emily Fisher Charter School of Advanced Studies*, 2007 WL 316449 (D.N.J. Jan. 30, 2007).......................................................................................................7

*Sportscare of America, P.C.* v. *Multiplan, Inc.*, 2011 WL 589955 (D.N.J. Feb. 10, 2011) ..3, 4, 10

*Suburban Transfer Service, Inc.* v. *Beech Holdings, Inc.*, 716 F.2d 220 (3d Cir. 1983)............... 9

*Sutton* v. *Metropolitan Casualty Insurance Co.*, 186 A. 465 (N.J. 1936) ................................... 10

*Torres-Hernandez* v. *CVT Prepaid Solutions, Inc.*, 2008 WL 5381227 (D.N.J. Dec. 17, 2008) ...................................................................................................................................4

## **Rules**

Fed. R. Civ. P. 8(d)(2)....................................................................................................... 9

Fed. R. Civ. P. 9(b) .............................................................................................. 1, 3-4, 11

Fed. R. Civ. P. 12(b)(6)................................................................................................ 3, 11

Fed. R. Civ. P. 23 ........................................................................................................... 8n

## **Statutes**

New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 et seq. (Thomson Reuters 2012) ............................................................................................................ passim

Time Warner Cable Inc. ("TWC") respectfully submits this Reply Memorandum of Law in Further Support of its Motion to Dismiss the Amended Complaint.

## PRELIMINARY STATEMENT

Transparently trying to conceal its lack of substance, Plaintiff's opposition brief is filled with irrelevant and unpersuasive proclamations about "corporate robber barons," "profit-mongering," "unscrupulous greed," and the like. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Amended Complaint ("Pl. Mem.") at 1 (Dkt # 20). Such commentary is thin soup indeed, has no bearing on the real question before this Court and, if anything, only serves to highlight the genuine weakness of Plaintiff's position. Indeed, as explained further below, all that matters for purposes of this motion is whether Plaintiff has plead the specific elements necessary to state claims for violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. § 56:8-1 *et seq.*, breach of contract and unjust enrichment. Plainly, after now having had two bites at the apple, it is clear that he cannot do so.

To the extent Plaintiff does address the law and Federal Rules of Civil Procedure in his opposition brief, he gets it all wrong. First, Plaintiff mistakenly contends that he is not required to plead his claim under the NJCFA with particularity. *See* Pl. Mem. at 12 ("Defendant's position that the Plaintiff's allegations of misrepresentations are insufficient simply because they are not specific enough is not properly raised at this preliminary stage."). That is not correct. As demonstrated in TWC's opening brief and in this Court's own recent decision, *Glass* v. *BMW of North America, LLC*, 2011 WL 6887721, at *4 (D.N.J. Dec. 29, 2011), claims brought under the NJCFA are plainly subject to the strict particularity requirements of Federal Rule of Civil Procedure 9(b). And while it may go without saying, more than 70 years of case law have established that Rule 9(b) requires particularized allegations at the *pleading* stage and requires dismissal where such allegations are not present. Nevertheless, Plaintiff remarkably fails to address Rule 9(b) in his papers, effectively conceding that his allegations do not meet its requirements. Plaintiff also does not and cannot deny that he had the right to end his relationship with TWC at any

time, thus avoiding *all* of the purported losses he allegedly accrued.  Accordingly, the NJCFA claim must be dismissed.

Plaintiff fares no better on his breach of contract claim.  As a threshold matter, he argues that, "at this juncture," the Court should ignore the terms of the TWC Residential Subscriber Agreement ("RSA") — which on its face bars Plaintiff's breach claim — because Plaintiff did not reference that agreement specifically in his Amended Complaint.  *See* Pl. Mem. at 14; Memorandum of Law in Support of Defendant Time Warner Cable Inc.'s Motion to Dismiss the Amended Complaint ("Def. Mem.") at 19-22 (Dkt. #16).  As explained in TWC's opening brief, however, the RSA is the only written agreement governing the parties' relationship, is integral to the allegations of the Amended Complaint and cannot reasonably be ignored at this juncture or any other.  Def. Mem. at 19.  Desperate to avoid the terms of the RSA, Plaintiff also contends that the agreement may not be considered by the Court because the version submitted by TWC is not "undisputably authentic."  Pl. Mem. at 14.  Yet Plaintiff offers no evidence of his own that calls into question the authenticity of the document, or which otherwise contests the April 13, 2012 Declaration of TWC's in-house counsel, Michael W. Quinn, identifying the agreement as true and correct.  Although it is understandable why Plaintiff would seek to avoid the terms of the RSA, he cannot simply will it away.

Plaintiff's alternative argument that TWC somehow breached the terms of the RSA by providing insufficient notice that the MSG Networks would no longer be carried on TWC systems also falls flat.  Indeed, Plaintiff fails to cite a single case or contractual term suggesting that the notice he ultimately received (in newspapers – not to mention countless news broadcasts) was somehow inadequate.  More to the point, there is no such claim anywhere in the Amended Complaint, or even the vaguest reference to the issue of notice.  It appears that Plaintiff is simply making this claim up as he goes along.

In any event, even if the RSA did not exist and the parties' relationship was governed only by the "terms" of the supposed oral contract vaguely identified in Plaintiff's opposition brief,

there would still be no claim for breach of contract.  That is because, as explained in TWC's opening brief (*see* Def. Mem. at 18-19) and below, Plaintiff does not and cannot identify any specific oral or written statement by TWC promising that he would continue to have access to the MSG Networks during the period in which he chose to be a subscriber.

Finally, Plaintiff does not dispute the well-settled principle that a claim for unjust enrichment is mutually exclusive of recovery based on a breach of contract theory.  Instead, Plaintiff cites inapposite cases that permit claims for unjust enrichment where there is some dispute over the existence of a valid contract.  Because this is plainly not such a case, the unjust enrichment claim cannot survive.  Nor does Plaintiff even attempt to address TWC's argument that his breach of contract and unjust enrichment claims are barred by the voluntary payment doctrine.  By failing even to address the argument, Plaintiff again effectively concedes that he has no claim.  *See Sportscare of America, P.C.* v. *Multiplan, Inc.*, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.") (citing *Conroy* v. *Leone*, 316 Fed. Appx. 140, 144 n.5 (3d Cir. 2009); *Love* v. *Johnson*, 2010 WL 2178951, at *7 (D.N.J. May 27, 2010)) (other citation omitted).

For the reasons set forth below, the Amended Complaint should be dismissed with prejudice pursuant to Rule 9(b) and Rule 12(b)(6).

## ARGUMENT

**I.    PLAINTIFF FAILS TO PLEAD HIS NJCFA CLAIM WITH PARTICULARITY (COUNTS I, II, III, IV, V)**

### A.    NJCFA Claims Must Be Pled with Particularity under Federal Rule of Civil Procedure 9(b)

It is well-settled in this Court and in the Third Circuit that to state a claim under the NJCFA a plaintiff must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) by "'stat[ing] the circumstances of the alleged fraud with sufficient particularity

to place the defendant on notice of the precise misconduct with which it is charged.'" *Glass* v. *BMW of North America, LLC*, 2011 WL 6887721, at *4 (D.N.J. Dec. 29, 2011) (quoting *Frederico* v. *Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)). *See* Def. Mem. at 7.

Despite this clear precedent, Plaintiff argues that the Amended Complaint sufficiently alleges an NJCFA claim under a "liberal pleading standard," and that any requirements of particularized pleading are not applicable at this "preliminary stage." *See* Pl. Mem. at 6-8. Plaintiff does not, and of course cannot, cite any authority for this proposition, which would effectively eliminate Rule 9(b). Indeed, Plaintiff makes no effort to argue (even in the alternative) that the Amended Complaint satisfies Rule 9(b)'s heightened pleading standard, but rather ignores it completely, thereby conceding that he cannot state a claim. *See* Def. Mem. at 7-10. *See Sportscare of America*, 2011 WL 589955, at *1.

### B.    Plaintiff Pleads None of the NJCFA Elements with Particularity

There is no dispute that to plead a *prima facie* case under the NJCFA, a plaintiff must allege three elements: "(1) unlawful conduct by the defendant; (2) an ascertainable loss by plaintiff; and (3) a causal connection between the defendant's unlawful practice and the plaintiff's ascertainable loss." *Glass*, 2011 WL 6887721, at *3 (citing *Payan* v. *Greenpoint Mortgage Funding*, 681 F. Supp. 2d 564, 572 (D.N.J. 2010)); *see* Pl. Mem. at 6. Of course, Plaintiff must plead each of these elements with particularity under Rule 9(b). *Torres-Hernandez* v. *CVT Prepaid Solutions, Inc.*, 2008 WL 5381227, at *6 (D.N.J. Dec. 17, 2008). *See* Def. Mem. at 8.

In his opposition brief, Plaintiff argues that the Amended Complaint meets the first element (unlawful conduct) because it alleges that TWC stated the services it provided "would include MSG Networks as long as Plaintiff continued to pay subscription fees." Pl. Mem. at 7. However, Plaintiff does not point to any paragraph in the Amended Complaint that alleges the content of a single specific misrepresentation or "the date, time, and place" of any misrepresentation. *Glass*, 2011 WL 6887721, at *4 ("'[T]he plaintiff must plead or allege the date, time, and

place of the alleged fraud or otherwise inject some measure of substantiation into a fraud allega-tion.'") (quoting *Frederico*, 507 F.3d at 200).  *See* Def. Mem. at 9-10.  At most, Plaintiff alleges in Paragraph 10 of the Amended Complaint that:

> "A material selling point and a material factor in Plaintiff's decision to subscribe to Defendant's cable television services was Defendant's affirmative promise and representation that Plaintiff, should he pay the monthly fees and charges fixed by Defendant, would receive sports programming broadcast on the MSG and MSG+ networks."

That is not close to the particularity required by this Court in *Glass*, or other courts in this Circuit applying the heightened pleading requirements of Rule 9(b).

Plaintiff next argues (without citing a single case) that he satisfied the ascertainable loss element of an NJCFA claim through his assertions regarding "the value of the channels that were promised but not delivered," that "cable providers pay fees to the owners of . . . channels in ex-change for the right to offer those channels as part of their package," and that each "channel clearly has monetary value in relation to the value of the overall package."  Pl. Mem. at 10.  Crit-ically, Plaintiff continues to ignore Rule 9(b)'s particularity requirement and relevant case law. Courts in this Circuit have routinely required allegations of "a definite, certain and measurable loss, rather than one that is merely theoretical."  *Hughes* v. *Panasonic Consumer Electronics Co.*, 2011 WL 2976839, at *15 (D.N.J. July 21, 2011) (citation and internal quotation marks omitted); *see also Arcand* v. *Brother International Corp.*, 673 F. Supp. 2d 282, 300 (D.N.J. 2009) ("When pleading a benefit-of-the-bargain loss, the plaintiff must allege the difference be-tween the [product] she received and the [product] as represented at purchase.")  (citation and internal quotation marks omitted).  *See also* Def. Mem. at 13-15.  The allegations above do not meet this standard by any stretch.

Plaintiff makes much of a radio talk show — not referenced in the Amended Complaint[1] — on which a TWC representative allegedly stated, among other things, that TWC's customers'

---

[1]     On a motion to dismiss, a plaintiff "may not amend his pleadings by making factual as-sertions in a brief," nor "may he amend his complaint through a declaration or certification."

subscription costs would likely increase if TWC paid programming providers higher fees.  The issue, however, is not whether TWC would or could pass on some or all of any additional costs to its subscribers, but rather, whether the loss of the MSG Networks presented "a definite, certain and measureable loss" to Plaintiff.  *See Hughes*, 2011 WL 2976839, at \*15.  Put another way, Plaintiff appears to be relying on allegations that there *must have been* some ascertainable loss because the MSG Networks obviously had some value to TWC, and by extension to its consumers.  Such conclusory allegations are nowhere near sufficient to state a claim because they fail to quantify (at all, let alone with particularity) Plaintiff's loss in terms of the product he received versus the product he was promised. *See Green* v. *Green Mountain Coffee Roasters, Inc.*, 2011 WL 6372617, at \*6 (D.N.J. Dec. 20, 2011) (holding that an ascertainable loss was insufficiently stated where there was no allegation regarding the purchase price of the allegedly defective product). *See also* Def. Mem. at 14-15.

Plaintiff's arguments regarding the third prong (direct causal relationship) are similarly based on broad, conclusory allegations insufficient to state a claim.  In his opposition brief, Plaintiff references ten paragraphs of the Amended Complaint that, he argues, reflect sufficient allegations of direct causation.  *See* Pl. Mem. at 7, citing Amended Complaint ("AC") ¶¶11-12, 19-26.  A review of these paragraphs, however, reveals nothing more than boilerplate language lacking the level of specificity required to state a claim under the NJCFA.  *See e.g.* AC ¶11 ("A highly material selling ingredient of the Defendant's cable television services and a significant component of the monthly charges assessed by Defendant for its services, was the affirmatively promised delivery of the sporting events and games broadcast on the MSG and MSG+ networks.").  *See also Glass*, 2011 WL 6887721, at \*12 (recognizing that causation under the

---

*Hart* v. *Electronic Arts, Inc.*, 740 F. Supp. 2d 658, 663 (D.N.J. 2010) (citation omitted).  Thus, the "Certification of Harold M. Hoffman" submitted with Plaintiff's Opposition Brief — including but not limited to the portion referencing a transcript of a radio talk show obtained by Plaintiff — may not be considered by the Court.

NJCFA is not to be presumed, and the causal nexus requirement of the NJCFA cannot be satisfied by "general and vague terms").

Moreover, Plaintiff never disputes (and thus effectively concedes) that he had the right to cancel or downgrade his service at any time, including when he became aware that TWC would lose the right to carry the MSG Networks. *See* Def. Mem. at 16-17. Given that undisputed fact, and regardless of any other argument or allegation asserted by Plaintiff, it simply cannot be the case that Plaintiff's loss was caused directly by TWC's actions.

## II.   PLAINTIFF HAS FAILED TO PLEAD A BREACH OF CONTRACT CLAIM (COUNT VII)

In his opposition brief, Plaintiff contends that the Court should, "at this juncture," ignore the terms of the actual subscriber agreement between TWC and its subscribers (the RSA) and focus instead on the terms of Plaintiff's alleged *sui generis* oral contract with TWC. As noted above and in TWC's opening brief, the RSA — which completely bars Plaintiff's breach claim (*see* Def. Mem. at 19-22) — is properly before the Court and there can be no serious dispute about its authenticity. *See supra* page 2; Def. Mem. at n.7. *See In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("[A] document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment.") (citation and internal quotation marks omitted) (emphasis in original); *see also Samukai* v. *Emily Fisher Charter School of Advanced Studies*, 2007 WL 316449, at *3 (D.N.J. Jan. 30, 2007) (taking judicial notice of a contract on a motion to dismiss where the complaint specially referenced the contract and because it was integral to plaintiff's breach of contract claim).

In any event, even under the "terms" of the oral contract vaguely referenced in Plaintiff's opposition brief, there can be no claim for breach of contract here. That is because Plaintiff fails to identify any allegation that he was promised access to the MSG Networks for the duration of his tenure as a TWC subscriber. At best, Plaintiff alleges that he was promised in 2008 that he

would receive those networks at that time, *i.e.*, that the MSG Networks were part of the current lineup of networks offered by TWC.  *See* Def. Mem. at 18-19.  Moreover, the Court is not obligated to accept as true Plaintiff's *ipse dixit* interpretation of the alleged oral contract.  In this regard, we note that Plaintiff does not attempt to allege any of the **terms** of the alleged contractual arrangement, but instead merely asserts his own self-serving **interpretation** of the alleged contract.  While TWC raised this point in its opening brief, Plaintiff tellingly ignored it completely in his opposition, apparently because he has no response.  *See* Def. Mem. at 19.  *See also Bayer Chemicals Corp.* v. *Albermarle Corp.*, 171 Fed. Appx. 392, 397 n.9 (3d Cir. 2006) (holding that the district court was correct to disregard the parties' proffered contract interpretations and "properly conducted a *de novo* interpretation of the contract").[2]

      In what may be his greatest reach of all, Plaintiff argues in the alternative that TWC breached the RSA by providing insufficient notice of a programming change.  Pl. Mem at 14.  As a threshold matter, there was extensive media coverage of TWC's impending loss of MSG Networks programming well before Plaintiff would have suffered any alleged loss — *i.e.,* what Plaintiff refers to in his opposition papers as the "media glare surrounding a contract dispute between MSG and TWC" (Pl. Mem. at 1) — and TWC itself provided specific public notice of such service changes beginning in September 2011 and through December of 2011.  *See* Def. Mem. at 20 n.9; Quinn Decl. Ex. C.  In any event, nowhere in his brief does Plaintiff explain how he purports to base a claim on a contract that he says "is not part of his allegations" and which he suggests (without support) may not even be authentic.  And critically, this is the first Plaintiff has mentioned of any claim based on allegedly inadequate notice.  Of course, a plaintiff

---

[2]      If Plaintiff's Amended Complaint survives this dismissal motion, his reliance on an oral contract between himself and TWC will present extraordinary obstacles to class certification, as he will inevitably be unable to demonstrate any degree of typicality or predominance under Federal Rule of Civil Procedure 23. *See Ritti* v. *U-Haul International, Inc.*, 2006 WL 1117878, at *7, *11 (E.D. Pa. Apr. 26, 2006) (denying class certification for failing to meet the typicality and predominance requirements of Rule 23 because plaintiff's breach of contract theory was based on oral representations to plaintiff).

may not assert new causes of action in memorandum of law. *See Hart* v. *Electronic Arts, Inc.*, 740 F. Supp. 2d 658, 663 (D.N.J. 2010) (holding that on a motion to dismiss, a plaintiff "may not amend his pleadings by making factual assertions in a brief"). Nor does Plaintiff cite a single case or other authority for his novel proposition that TWC breached the RSA on the basis that "[a] reasonable cable customer might expect communications from the cable company to be on television or perhaps in the same format they receive billing information . . . ." Pl. Mem. at 14-15. The standard is made up, has no basis in law and cannot support a claim of any kind.

For the foregoing reasons, Plaintiff's breach of contract claim should be dismissed.

## III. PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS BARRED BY THE EXISTENCE OF AN ENFORCEABLE CONTRACT (COUNT VI)

Plaintiff does not dispute that under New Jersey law a claim for unjust enrichment "will not be imposed when a valid, unrescinded contract governs the rights of the parties" and "is mutually exclusive of recovery based on a contract theory." *Duffy* v. *Charles Schwab & Co.*, 123 F. Supp. 2d 802, 814 (D.N.J. 2000); *see also Suburban Transfer Service, Inc.* v. *Beech Holdings, Inc.*, 716 F.2d 220, 226 (3d Cir. 1983). Instead Plaintiff argues that "to the extent a contract claim is *precluded* Plaintiff may still state a valid claim for unjust enrichment," citing Federal Rule of Civil Procedure 8(d)(2). Pl. Mem. at 15 (emphasis added).

First, Plaintiff made no attempt to plead this claim in the alternative, which alone dooms his theory. *See* Def Mem. at 23; AC ¶¶ 48-54. Second, Plaintiff's argument fails based on well-settled law that "'an unjust enrichment claim must be independent of a breach of contract claim and a Plaintiff may not bring an unjust enrichment claim while also pleading the existence of a contract.'" *American Rubber & Metal Hose Co.* v. *Strahman Valves, Inc.*, 2011 WL 3022243, at *8 (D.N.J. July 22, 2011) (quoting *Oswell* v. *Morgan Stanley Dean Witter & Co.*, 2007 WL 1756027, at *9 (D.N.J. June 18, 2007)). Put simply, there is nothing to plead in the alternative in this case because there is no dispute about the *existence* of a contract. Under these circumstanc-

es, adjudication of Plaintiff's unjust enrichment claim should be guided by the generally applicable, well-settled principles set forth in TWC's opening brief.  *See* Def. Mem. at 22-23.  *See e.g., Duffy*,  123 F. Supp. 2d at 814 (recognizing that a claim for unjust enrichment "will not be imposed when a valid, unrescinded contract governs the rights of the parties" and "is mutually exclusive of a recovery based on a contract theory").

For the foregoing reasons, the unjust enrichment claim should be dismissed.

## IV.   PLAINTIFF EFFECTIVELY CONCEDES THAT THE VOLUNTARY PAYMENT DOCTRINE BARS HIS UNJUST ENRICHMENT CLAIM (COUNT VI) AND CONTRACT CLAIM (COUNT VII)

Finally, in its opening brief, TWC argued that Plaintiff could not recover on either of his common law claims sounding in breach of contract and unjust enrichment for the simple reason that he made monthly payments to TWC *voluntarily*, knowing full well that doing so would lead to his alleged loss.  *See* Def. Mem. 21, 23 (citing *Sutton* v. *Metropolitan Casualty Insurance Co.*, 186 A. 465, 465 (N.J. 1936) ("The general rule is that a payment voluntarily made on a demand not enforceable against the payer, without mistake of fact, or fraud, duress, or extortion, cannot be regained."); *Flammia* v. *Maller*, 169 A.2d 488, 459 (N.J. Super. Ct. App. Div. 1961) (holding that "[t]he general rule is that payments made under a mistake of law or in ignorance of law, but with full knowledge of the facts, cannot be recovered"); *Realty Asset Properties, Ltd.* v. *Township of Millstone*, 2006 WL 3456490, at *5 (N.J. Super. Ct. App. Div. Dec. 1, 2006) ("[A] voluntary payment is an exception to unjust enrichment.") (citation omitted); *Buschbaum* v. *Barron*, 61 A.2d 512, 513 (N.J. Super. Ct. App. Div. 1948) (holding that voluntary payment bars entitlement to restitution)).   Plaintiff never responded to either of these arguments, effectively conceding (again) that his claims are barred. *See Sportscare of America,* 2011 WL 589955, at *1.

## <u>CONCLUSION</u>

The Amended Complaint should be dismissed in its entirety with prejudice pursuant to Rule 9(b) and Rule 12(b)(6).

By:     /s/ William E. Goydan

        WILLIAM E. GOYDAN

WOLFF & SAMSON PC
One Boland Drive
West Orange, New Jersey 07052
(973) 325-1500

Attorneys for *Defendant Time Warner Cable Inc.*

OF COUNSEL:

    Cahill Gordon & Reindel LLP
    80 Pine Street
    New York, New York 10005
    (212) 701-3000

Dated:  June 8, 2012